———————o———————

### Ross and Others *v.* Crews and Others.

INJUNCTION.—*New Trial as of Right.*—A judgment was rendered for the possession of real estate, and the defendant, having paid the costs, filed a complaint as a motion for a new trial as of right, under the statute, and prayed an injunction to restrain the further prosecution of the judgment; and the judge, in vacation, having overruled a demurrer to the complaint, granted a temporary injunction. The complaint did not give any description of the premises, was not verified by affidavit, and it did not appear therefrom that a writ of possession had been issued, or that any order or direction had been given therefor, or that the judgment-plaintiff was using any means to obtain possession.

*Held,* that the granting of the injunction was error.

APPEAL from an order of the judge of the Knox Circuit Court, in vacation, granting a temporary injunction.

ELLIOTT, J.—It appears by the complaint, filed by the appellees, that on the 27th day of February, 1869, the appellants recovered a judgment in the Knox Circuit Court against the appellees, for the recovery of the possession of

certain real estate; that on the 1st day of March, 1869, the appellees paid all the costs in said cause, and thereupon filed the complaint as a motion for a new trial, under the statute, without cause, and prayed for an injunction against the appellants, restraining them from the further prosecution of the judgment, &c. The appellants appeared before the judge at chambers, and, by way of demurrer, objected to the complaint, on the ground that it did not state facts sufficient to authorize an injunction. The objection was overruled, and the judge thereupon granted an order restraining the appellants from sueing out a writ of possession on said judgment, or otherwise disturbing the appellees in the possession of the premises, until the further order of the Knox Circuit Court.

The appeal is from this ruling and order of the judge in vacation.

We think the objection to the complaint was well taken, as it sought an injunction, which was the only question that could be presented to the judge at chambers. The pleading was proper enough as a mere motion for a new trial, to be disposed of by the court in term time. A case might doubtless be presented, based upon a motion for a new trial, in such an action, where it would be proper for the judge in vacation to restrain the execution of the writ of possession, but we do not think the complaint before us presents such a case. First, it fails to give any description of the premises involved in the suit. It is stated in the complaint that the "lands are described in the affidavit of the plaintiff Crews, which is made a part hereof," but no such affidavit is annexed to the complaint, or appears in the record.

Second, the statute requires that the complaint, in such cases, or so much thereof as pertains to the acts or proceedings to be enjoined, shall be verified by affidavit. 2 G. & H. 133, sec. 138. The record before us does not show that any such affidavit was made.

Third, it does not appear by the complaint that a writ of possession had been issued on the judgment, or any order

or direction given therefor, or that the appellants were using any means whatever to procure the possession of the property. In the absence of any such allegations, the complaint fails to show either a necessity or reason for an injunction.

The appellees did not appear in this court, and the case was submitted on default. Subsequently, they filed a written motion to dismiss the appeal, on the ground that no sufficient abstract of the record was filed, and for the further reason that but one copy of an abstract was filed, instead of two, as required by the rule of this court.

The record is a brief one, and we think the abstract was sufficient, and the motion to dismiss because only one was filed comes too late, after the submission of the cause.

The order of injunction is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

*F. W. Viehe*, for appellants.

*J. C. Denny* and *G. G. Reily*, for appellees.